**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4061-16T1

ACT PROPERTY LLC
SERIES 116 FAIRVIEW
AVE.,

    Plaintiff-Respondent,

v.

22 ALPHA MANAGEMENT,
LLC, a/k/a ALPHA 22
ASSOCIATES,

    Defendant-Appellant,

and

THE STATE OF NEW JERSEY,

    Defendant.

_____

        Argued March 12, 2018 — Decided July 16, 2018

        Before Judges Accurso and O'Connor.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Camden County, Docket No.
        F-018617-16.

        Howard N. Sobel argued the cause for
        appellant (Law Offices of Howard N. Sobel,
        PC, attorneys; Howard N. Sobel and Margaret
        D. Nikolis, on the briefs).

Robert W. Keyser argued the cause for respondent (Taylor and Keyser, attorneys; Robert W. Keyser and Jeffrey B. Datz, on the brief).

PER CURIAM

In this tax sale foreclosure action, defendant 22 Alpha Management, LLC appeals from an April 13, 2017 order denying its motion to void the final judgment on the ground it had not been served with the complaint in accordance with the Rules of Court.[1] After reviewing the record and applicable legal principles, we reverse and remand for further proceedings.

I

We glean the following from the motion record. In July 2013, defendant purchased property from Alpha 22 Associates. Voorhees Township tax records state the physical location of the subject property is 116 Fairview Avenue, Voorhees, and that defendant is located at One Alpha Avenue, Suite 20, Voorhees.

In July 2014, plaintiff's predecessor in interest (predecessor) purchased a tax sale certificate for unpaid property taxes and county municipal sewer charges assessed against the subject property. On July 5, 2016, the predecessor

---

[1] The State of New Jersey was included as a party defendant in the event defendant 22 Alpha Management, LLC owed the State franchise taxes. The State did not enter an appearance. Unless otherwise stated, the reference to "defendant" in this opinion refers solely to 22 Alpha Management, LLC.

filed a complaint in foreclosure against defendant and the State of New Jersey. The predecessor sought to foreclose on the tax sale certificate in the amount of $30,386.95, plus any taxes and statutory interest that would subsequently accrue.

On July 22, 2016, the predecessor's attorney filed a certification of mailing, which stated that on July 15, 2015, the summons and complaint were sent by regular and certified mail to Steve Chase Brigham, identified by the attorney as defendant's principal, to an address in Greenwich, Connecticut. The attorney also certified the regular mail was not returned, and the certified mail return receipt (the "green card") was returned and signed by "Lee." Counsel did not volunteer how he learned of Brigham and why counsel believed Brigham was defendant's principal.

A photocopy of the green card reveals the envelope containing the summons and complaint was addressed to "22 Alpha Management, L.L.C.; c/o Steven Chase Brigham, Principal; 15 East Putnam Avenue, Apartment One; Greenwich, Connecticut 06830 5424." The green card also reveals "Lee" checked off a box on the green card next to which appears the term "Agent."

On August 1, 2016, the predecessor's attorney filed a certification of diligent inquiry because the predecessor had

3

served defendant by substituted service, see Rule 4:4-5(b). The highlights of that certification are as follows.

The attorney claimed diligent inquiry revealed Brigham's address to be the aforementioned one in Connecticut; a search of the State of New Jersey Division of Revenue and Enterprise Services records showed 22 Alpha Management, L.L.C. was not registered to do business in New Jersey; and "various business searches and a comprehensive business report" obtained on defendant indicated its last known address was One Alpha Avenue, Suite 20, Voorhees.

Counsel further certified that, in May 2016, he sent a letter to defendant at One Alpha Avenue, Suite 20, Voorhees, by regular and certified mail. The letter sent by certified mail was returned with a notation from the Post Office that stated "undeliverable as addressed[;]" the letter sent by regular mail was returned by the Post Office with the notation "[u]nable to forward."

Counsel certified he sent two letters of inquiry to the Postmaster of Voorhees. One asked the Post Office to furnish the "new address" for defendant at One Alpha Avenue, Suite 20, Voorhees, and the other letter requested the new address for defendant at 116 Fairview Avenue, Voorhees. Both letters were

4

returned by the Post Office with the notation, "[f]orward expired."

Despite the latter information from the Post Office, we note a "Comprehensive Business Report" attached to the certification of diligent inquiry states 22 Alpha Management, LLC is located at 116 Fairview Avenue, Voorhees, yet another page in the report states defendant is located at 22 Alpha Avenue, Voorhees. The motion record reveals the subject property is on a corner and the building on the property has two entrances; one door has the address 116 Fairview Avenue and the other 22 Alpha Avenue.

The attorney also certified he obtained a skip trace report on Brigham, which the attorney claimed confirmed Brigham had a residence at 15 East Putnam Avenue, Apartment One, in Greenwich. Counsel did not explain how the report confirmed Brigham in fact had a residence at this location. Finally, counsel certified he sent a letter of inquiry to the Post Office in Greenwich asking it to furnish the "new address" for Brigham in Greenwich. The Post Office returned counsel's letter with the notation, "good as addressed."

We note the skip trace report on Brigham shows a person by the name of Steven Chase Brigham also has the following addresses in Voorhees: One Alpha Avenue, Suite 20; One Alpha

Avenue, Suite 27; 1094 Corbridge Court, Unit 1094; and 125 West Evesham Road. Counsel did not state whether he had sent a copy of the summons and complaint or any other correspondence to defendant "in care of" Brigham at any of the aforementioned four addresses, or to 116 Fairview Avenue and 22 Alpha Avenue. Although the attorney discovered sending mail to only defendant at One Alpha Avenue and 116 Fairview Avenue was unproductive, there was no indication sending correspondence to defendant in the care of Brigham to the other addresses would have been similarly futile.

In August 2016, default was entered against defendants. In October 2016, the tax sale certificate was assigned to plaintiff Act Property LLC Series 116 Fairview Avenue and, in November 2016, such entity was substituted as plaintiff. The attorney for the predecessor and plaintiff are the same. On January 6, 2017, final judgment was entered against both defendants. According to a certification of mail executed by plaintiff's counsel, the final judgment was served upon defendant by sending a copy by regular mail to Brigham's address in Connecticut.

On March 16, 2017, defendant filed a motion to set aside the judgment and permit redemption pursuant to Rule 4:50-1(d). Defendant premised its argument on the ground the judgment was void because defendant had not been served with the summons and

6

complaint. In a certification filed in support of the motion, Brigham claimed he did not know about the foreclosure action until January 20, 2017, when one of his staff members was served with the final judgment by a process server at 22 Alpha Avenue, Voorhees.

In the certification, Brigham admitted he maintains a mailbox at a UPS Store located at 15 Putnam Avenue, Greenwich, but certified he does not live or have an apartment there and thus his address did not include "Apartment One." He claimed he never received any communication from plaintiff at the Greenwich address. Brigham also stated he was willing to pay the full amount owed for taxes and other municipal charges on the subject property. Finally, he mentioned he did not have an attorney when he acquired the property in 2013 and did not know he had to register defendant with the State. However, he registered defendant with the State of New Jersey five days after defendant's staff was served with the final judgment.

It is not disputed plaintiff did not attempt to personally serve the summons and complaint upon defendant, and that Brigham lives at the Corbridge Court address in Voorhees. As previously stated, it is not known how plaintiff discovered Brigham's name and his association with defendant.

7

The trial court denied defendant's motion, finding plaintiff had made diligent inquiry to locate and serve defendant, an effort the court determined was made more complicated by the fact defendant failed to register with the State of New Jersey and identify who and where its agent to receive process was located. Although the court found the Greenwich address was not Brigham's residence but a UPS Store where he maintained a mailbox, the court determined plaintiff was justified in serving defendant at such address by regular and certified mail.

## II

On appeal, defendant contends the trial court erred when it denied its motion. Defendant argues the judgment is void because it was not served with the complaint. If argues that, to the extent plaintiff contends it was justified in serving defendant by mail, plaintiff failed to make a diligent inquiry to effectuate personal service and, thus, substituted service by mail was ineffective.

Rule 4:50-1(d) provides the court may relieve a party from a final judgment if it is void. "The decision whether to grant such a motion is left to the sound discretion of the trial court[.]" U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 105 (App. Div. 2016) (alteration in original) (quoting Mancini

8

v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)). However, "[a] default judgment will be considered void when a substantial deviation from service of process rules has occurred, casting reasonable doubt on proper notice." Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003) (citing Sobel v. Long Island Entm't Prod., Inc., 329 N.J. Super. 285, 293-94 (App. Div. 2000)).

Rule 4:4-4(a)(6) states the primary method of obtaining in personam jurisdiction over a corporation in this State is to personally serve a copy of the summons and complaint:

> on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties . . . ;
>
> [Rule 4:4-4(a)(6).]

If after diligent inquiry a defendant cannot be located and personally served in New Jersey, Rule 4:4-5(a) provides an alternate method of service in actions affecting specific

9

property or any interest therein.  <u>Rule</u> 4:4-5(a) states in pertinent part:

>    (a)  Whenever, in actions affecting specific property, or any interest therein, or any res within the jurisdiction of the court, . . . it shall appear by affidavit of the plaintiff's attorney . . . that a defendant cannot, after diligent inquiry as required by this rule, be served within the State, service may, consistent with due process of law, be made by any of the following . . . methods:
>
>    >    (1)  personal service outside this State as prescribed by R. 4:4-4(b)(1)(A) and (B); or
>    >
>    >    (2)  service by mail as prescribed by <u>R.</u> 4:4-4(b)(1)(C); or
>    >
>    >    (3)  by publication. . . . ; or
>    >
>    >    (4)  as may be provided by court order.
>
>    (b)  Contents of Affidavit of Inquiry.  . . . The affidavit of inquiry shall be made by the inquirer fully specifying the inquiry made, of what persons and in what manner, so that by the facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice.

Here, plaintiff contends it properly served defendant pursuant to <u>Rule</u> 4:4-5(a)(2) by mailing the summons and complaint to Brigham's Connecticut address, because such rule provides a party may be served by mail as long as the serving party adheres to <u>Rule</u> 4:4-4(b)(1)(C).  Plaintiff asserts it complied with the latter rule, which states in relevant part:

10

If it appears by affidavit satisfying the requirements of R. 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with [Rule 4:4-4(a)], then, consistent with due process of law, in personam jurisdiction may be obtained over any defendant as follows:

. . . .

(C) mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to:

. . . .

(3) a corporation, partnership or unincorporated association that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its registered office. . . .

[Rule 4:4-4(b)(1)(C).]

In order for the kind of service plaintiff endeavored to effectuate here to be effective, plaintiff first had to attempt personal service in accordance with Rule 4:4-4(a)(6). Only after a diligent attempt to personally serve a corporation in accordance with this rule fails may alternate modes of service be used. R. 4:4-4(a).

Plaintiff contends it (1) was unable to serve the agent defendant designated to accept service of process because defendant never registered with the State; (2) could not locate

11

defendant despite diligent efforts; and (3) could not find Brigham, defendant's principal, in the State of New Jersey. Therefore, plaintiff argues, it was justified in resorting to serving defendant by mailing a copy of the summons and complaint to Brigham in Connecticut. In our view, as evidenced by plaintiff's counsel's own certification of inquiry, plaintiff failed to make a diligent attempt to serve defendant in accordance with Rule 4:4-4(a)(6).

Defendant's failure to register with the State of New Jersey does not necessarily justify resorting to substituted service. Rule 4:4-4(a)(6) does not require that a party serve a registered agent of a corporation. The rule identifies a number of individuals qualified to accept service on behalf of a corporation who may not also be registered agents. These individuals include the person in charge at the corporation's principal place of business or, if there is no place of business in this State, an employee of the corporation who is within this State and acting in the discharge of his or her duties. R. 4:4-4(a)(6).

Here, the subject certification of inquiry fails to address what efforts were undertaken to locate defendant's principal place of business in New Jersey and the person in charge, as well as an employee in New Jersey acting in the discharge of his

12

or her duties. The certification informs the Post Office indicated One Alpha Avenue and 116 Fairview Avenue in Voorhees were no longer viable addresses for defendant. However, an investigative report attached to the certification stated defendant was located at 116 Fairview Avenue and another page in the report stated it was located at 22 Alpha Avenue, Voorhees.

In the certification, counsel did not expound upon the efforts plaintiff expended, if any, to reconcile the inconsistency between the information provided by the Post Office and the investigative report. Plaintiff did not explore whether defendant was located at either one or both of these addresses by sending out an employee or agent to physically inspect 116 Fairview Avenue and 22 Alpha Avenue, especially given the former address is the physical location of the subject property.

In addition, although plaintiff believed Brigham was defendant's principal, there was no attempt to contact the Brigham who maintained addresses in Voorhees, the very municipality in which the subject property was and defendant ostensibly located. Had plaintiff done so, it would have discovered the same Brigham associated with defendant resided at the Corbridge Court address in Voorhees. Plaintiff ignored obvious clues that almost certainly would have led to

13

discovering where defendant was located in New Jersey, instead resorting to substituted service.

The requirement a plaintiff file an affidavit[2] of diligent inquiry to justify a factual basis for using an alternate mode of service is not a mere formality.  As we held in M & D Associates v. Mandara, 366 N.J. Super. 341, 353 (App. Div. 2004), diligent inquiry is a predicate to determining whether the requirements of due process have been satisfied.  In ascertaining the sufficiency of service outside of this State, the court must carefully scrutinize the affidavit required to ascertain whether plaintiff undertook a diligent inquiry.  Ibid. Doing so here would have revealed defendant, whom plaintiff did not allege was trying to evade service, was readily available for personal service within the State, thus making alternative service impermissible.  See N.J. Tpk. Auth. v. Tootle, 59 N.J. 308, 313 (1971).

In addition, even if substituted service by mail were appropriate, Rule 4:4-4(b)(1)(C) requires that a copy of the summons and complaint be mailed to the corporation's principal place of business, registered agent for service, or registered office.  While the latter two choices did not exist, plaintiff

---

[2]  A certification may be executed in lieu of an affidavit.  See R. 1:4-4(b).

14

failed to ascertain and mail the summons and complaint to defendant's principal place of business.

Given the deficiencies in the certification of inquiry and the service of process of the summons and complaint, the April 13, 2017 order denying defendant's motion to set the final judgment aside is reversed and the matter remanded for further proceedings.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION